[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11790
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-10092-JEM

KRIS HELTON,

Plaintiff-Appellant,

versus

RICK RAMSAY,
in his official capacity as the Sheriff of Monroe County, Florida,
CATHERINE VOGEL,
in her official
capacity as the State Attorney for the Sixteenth Judicial Circuit,
in and for Monroe County, Florida,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 20, 2014)

Before PRYOR, KRAVITCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Kris Helton, a Florida prisoner proceeding *pro se*, appeals from the district court's order dismissing his 42 U.S.C. § 1983 complaint, and its subsequent denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment.  The district court dismissed all Helton's claims as barred by the *Rooker-Feldman* doctrine. [1]  Helton argues on appeal that his § 1983 action is not barred by *Rooker-Feldman* because he is challenging Florida state officials' refusal to release evidence for post-conviction DNA testing, not the state courts' denial of the same relief under Florida Rule of Criminal Procedure 3.853.  He asserts that the district court should have reached the merits of his claim and held that the officials violated his First Amendment right to petition, Sixth Amendment Confrontation and Compulsory Process Clause rights, the Eighth Amendment's prohibition of cruel and unusual punishment, and his Fourteenth Amendment procedural due process guarantee.  He also argues that the court abused its discretion by denying his Rule 59(e) motion, because the underlying judgment was based on manifest errors of law and fact.

For ease of reference, we address each of Helton's arguments in turn.

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

2

I.

We review questions of jurisdiction *de novo*. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011). "We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

Under the *Rooker-Feldman* doctrine, when a state court judgment was issued prior to the commencement of a federal action, the district court lacks jurisdiction to review complaints seeking district court review and reversal of the state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521–22, 161 L.Ed.2d 454 (2005). *Rooker-Feldman* applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision. *Id*. at 284, 125 S.Ct. at 1522.

We determined the *Rooker-Feldman* doctrine's applicability to the field of post-conviction DNA testing in *Alvarez v. Attorney General for Florida*. 679 F.3d 1257 (11th Cir. 2012). In that case, we held that a plaintiff proceeding under § 1983, who has unsuccessfully sought DNA testing in state court, is barred from lodging a claim that state officials violated his right to procedural due process by denying testing. *Id.* at 1260, 1262. Such a claim is an as-applied challenge

3

inviting federal court review and reversal of a state court judgment, and is therefore prohibited by the *Rooker-Feldman* doctrine. *Id.* at 1263-64.

We then decided Alvarez's remaining § 1983 claims on the merits. *Id.* at 1265-67. Specifically, he argued that the state's denial of DNA testing violated the Sixth and Eighth Amendments, and his right to access the courts under the Fourteenth Amendment. We exercised subject matter jurisdiction over these claims, but concluded that all three should be dismissed because the arguments were foreclosed by precedent. *Id.*

The *Rooker-Feldman* doctrine bars Helton's procedural due process claim. *Id.* at 1263-64. Helton alleged that the Florida officials erred in denying DNA testing under the standard set forth in Florida Rule of Criminal Procedure 3.853. By framing his claim as an as-applied challenge to the application of the state's post-conviction DNA testing procedure to the facts of his case, he invited federal court review and reversal of a state court decision. Because this is the same argument presented in *Alvarez*, we apply its holding and conclude that the district court properly dismissed Helton's procedural due process claim under the *Rooker-Feldman* doctrine. *Id.*

The district court did not err in dismissing Helton's remaining claims, either; however, we affirm their dismissal on alternate grounds. *Thomas*, 506 F.3d at 1364. Helton's Sixth and Eighth Amendment claims and access-to-the-courts

4

argument are nearly identical to those we addressed on the merits in *Alvarez*. *Id.* at 1265-67. Accordingly, while Helton's claims were therefore not barred by *Rooker-Feldman*, they were foreclosed by our precedent and could not afford relief. *Id.*

## II.

We review the denial of a Rule 59(e) motion for abuse of discretion. *Mincey v. Head*, 206 F.3d 1106, 1137 & n.69 (11th Cir. 2000). A Federal Rule of Civil Procedure 59(e) motion should be granted only when there is newly discovered evidence or manifest errors of law or fact in the initial ruling. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Asking the district court to re-examine an unfavorable ruling is not the purpose of Rule 59(e). *Id.*

The district court did not abuse its discretion in denying Helton's motion because he failed to show any manifest errors or newly discovered evidence. *Id.* In his motion, Helton argued that his § 1983 action was dismissed in error, but *Rooker-Feldman* precluded his procedural due process claim, and our precedent foreclosed his remaining arguments. *Alvarez*, 679 F.3d at 1263-67. Furthermore, because Helton's assertions in support of his motion were nearly identical to those he made against the magistrate's report, which the court adopted, he was asking the court to re-examine its initial ruling, which it will not do pursuant to a Rule 59(e) motion. *Jacobs*, 636 F.3d at 1344.

5

Accordingly, we affirm the district court's denial of Helton's motion and its dismissal of the § 1983 action.

**AFFIRMED.**